**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2248**

ALEMTSHEAY EYOUSSU DIMKA,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  August 26, 2009        Decided:  September 2, 2009

Before MICHAEL, GREGORY, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alan M. Parra, LAW OFFICES OF ALAN M. PARRA, Silver Spring,
Maryland, for Petitioner.  Tony West, Assistant Attorney
General, Daniel E. Goldman, Senior Litigation Counsel, Paul T.
Cygnarowicz, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alemtsheay Eyoussu Dimka, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure.

Dimka first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Dimka fails to show that the evidence compels a contrary result. Accordingly, we find that substantial evidence supports the denial of asylum relief.

Additionally, we uphold the denial of Dimka's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Dimka failed to show

2

that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Finally, Dimka challenges the denial of her request for voluntary departure. Pursuant to 8 U.S.C. § 1229c(f) (2006), "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ." See Ngarurih v. Ashcroft, 371 F.3d 182, 193 (4th Cir. 2004). We retain jurisdiction, however, over constitutional claims or questions of law pertaining to the voluntary departure determination. See 8 U.S.C. § 1252(a)(2)(D) (2006).

Here, Dimka argues that the immigration judge and the Board committed legal error by holding that an alien must possess a valid passport in order to be eligible for voluntary departure. Although this claim is arguably a question of law over which we retain jurisdiction, it is squarely foreclosed by 8 C.F.R. § 1240.26(c)(2) (2009), which provides that the alien must present "a passport or other travel documentation sufficient to assure lawful entry into the country to which the alien is departing."

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal

---

[*] Dimka's brief merely recites the requirements for establishing a claim under the Convention Against Torture. She fails to raise any specific claims in this regard and has
(Continued)

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

therefore waived appellate review. <u>See</u> Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal."); <u>see also</u> <u>Ngarurih</u>, 371 F.3d at 189 n.7.